# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis V.G., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*, <br> Kristi Noem, *U.S. Department of Homeland Security*, <br> Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*, <br> David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, <br><br> Respondents. | Case No. 26-CV-0460-MJD-EMB <br><br><br> **REPORT AND RECOMMENDATION** |

Before the Court is Petitioner Luis V.G.'s[1] Petition for Writ Of Habeas Corpus (Dkt. No. 1) under 28 U.S.C. § 2241. Respondents filed a response (Dkt. No. 5). Petitioner's counsel informed the Court that no reply brief would be filed.

The petition has been referred to me to issue a Report and Recommendation. I recommend that the petition be GRANTED and that the Court order Respondents to release Luis V.G. from custody immediately.

## I.   Background.

Petitioner Luis V.G. is a citizen of Ecuador. (Dkt. No. 1, ¶¶ 7, 12.) He has lived in the United States for more than three years and resides in

---

[1] This District uses the first name and last initials of nongovernmental parties in immigration cases.

Burnsville, Minnesota, with his seven-year-old daughter; his adult daughter and infant grandchild live nearby. (*Id.*, ¶¶ 12, 14.)

Luis V.G. has never received a final order of removal. (Dkt. No. 1, ¶ 13.)

On January 12, 2026, ICE agents arrested Luis V.G. (Dkt. No.1, ¶ 15.) Respondents "did not have any warrant justifying Petitioner's detention." (*Id.*) Luis V.G. remains detained at a location not identified on ICE's online detainee locator and not otherwise disclosed. (*Id.*, ¶ 16.)

## II.    Discussion.

Luis V.G. claims that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and that Respondents are denying him such a hearing. (Dkt. No. 1, ¶¶ 31–32, 41–42.) Section 1226(a) is a discretionary administrative detention provision that applies to noncitizens who reside in the United States. *See Beltran v. Bondi*, No. 25-cv-4604-MJD-DTS, 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025); *Awaale v. Noem*, No. 25-cv-4551-MJD-JFD, 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

Respondents claim that Luis V.G. is not entitled to a bond hearing because his detention is "mandatory" under 8 U.S.C. § 1225(b)(2). (Dkt. No. 5 at 1.) Unlike § 1226(a), § 1225(b)(2) applies to noncitizens who are seeking admission to the United States, as opposed to already residing here. *See Beltran*, 2025 WL 3719856, at *3.

2

The Honorable Michael J. Davis ordered Respondents to show cause why Luis V.G.'s writ should not be granted in this case. (Dkt. No. 3, ¶ 1.) In other words, Respondents needed to explain why this case is different from Judge Davis's decisions in *Beltran* and *Awaale*.

Respondents have not done so. Indeed, Respondents concede that Luis V.G.'s case is "*not* materially factually or legally distinguishable" from *Beltran* and *Awaale*. (Dkt. No. 5 at 1 & *id.* n.1 (emphasis added).) In those cases, Judge Davis concluded that the petitioners were not subject to mandatory detention under § 1225(b)(2). *See Beltran*, 2025 WL 3719856, at *4; *Awaale*, 2025 WL 3754012, at *2. Respondents "admit[]" that the handful of non-binding decisions concluding otherwise "reflect a minority position." (Dkt. No. 5 at 2.)

Given this Court's prior rulings in materially factually and legally indistinguishable cases, I recommend that the Court grant Luis V.G.'s petition.

Further, given Respondents' concessions in this case, I recommend that Petitioner be immediately released. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that the "typical remedy [for unlawful executive detention] is, of course, release"); *see also Roseline K. N. v. Bondi*, No. 26-cv-540-KMM-SGE, 2026 WL 185069, at *2 (D. Minn. Jan. 25, 2026) (ordering immediate release when government "has not claimed to have a 'warrant issued by the

Attorney General' supporting Petitioner's recent arrest, nor has the government produced one to the Court"); *Ahmed M. v. Bondi*, No. 25-cv-4711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (explaining that issuance of a warrant is prerequisite to an alien's arrest or detention, including discretionary detention under § 1226(a)).

Here, Judge Davis specifically directed Respondents to answer the question "whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Dkt. No. 3 ¶ 2(d).) Respondents failed to address this question or point to a warrant supporting Luis V.G.'s arrest and detention. Respondents abdicated their opportunity to argue against immediate release. I agree with other decisions of this Court ordering immediate release under these circumstances.

Respondents admit that they transferred Luis V.G. out of the District of Minnesota to Texas and claim that "ICE is now working to transport Petitioner back to Minnesota in compliance with the [Court's] Order." (Dkt. No. 5 at 3.) (*See also* Dkt. No. 3 ¶¶ 5–6 (enjoining Respondents from removing Luis V.G. from the District of Minnesota and ordering them to immediately return him to Minnesota if he was removed already).) Respondents allege that the transfer occurred before the Court issued January 20, 2026, injunction; they do not allege the date on which Respondent was transferred.

4

I recommend that Respondents release Luis V.G. immediately upon returning him to the District of Minnesota.

Finally, I draw the parties' attention to the atypically short deadlines for filing objections to this Report and Recommendation and responses to those objections, set forth in the "Notice" below.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Luis V.G.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED.

2. Respondents be ORDERED to immediately return Luis V.G. to the District of Minnesota if he has not yet been returned.

3. Respondents be ORDERED to immediately release Luis V.G. as soon as Luis V.G. is in Minnesota.

4. Respondents be ORDERED to notify the Court and opposing counsel within 24 hours of Petitioner's release to confirm that the release has occurred. If Luis V.G. has not been returned as previously ordered, Respondents should immediately notify the Court of when he will be returned and released.

Dated: January 26, 2026          *s/Elsa M. Bullard*
                                  Elsa M. Bullard
                                  United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline.*" (Emphasis added.) **The Court modifies the deadline such that objections are due on or before January 28, 2026. Responses to objections are due on or before January 30, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).