# UNITED STATES DISTRICT COURT
## District of Minnesota

Luis Patricio Velasquez Guasti

Petitioner,

v.

Pamela Bondi, Kristi Noem, Todd M. Lyons,
David Easterwood

Respondent(s).

**JUDGMENT IN A CIVIL CASE**

Case Number: 26-cv-00460-MJD-EMB

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Petitioner Luis V.G.'s Combined Rule 59 Motion to Reopen Judgment and Motion for an Order to Show Cause [Doc. 18] is GRANTED;
2. Respondents are ORDERED:
   a. To file an answer to the amended petition for a writ of habeas corpus of petitioner Luis V.G. by no later than March 5, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case;
   b. Respondents' answer should include:
      i. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's re- detention;
      ii. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims that differ from those arguments already rejected by this Court in Petitioner's prior petition;
      iii. Respondents' recommendation on whether an evidentiary hearing should be conducted; and
      iv. Whether the absence of a warrant preceding Petitioner's re- arrest necessitates Petitioner's immediate release.
   c. If Petitioner intends to file a reply to Respondents' answer, he must do so by no later than

March 7, 2026. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

3. IT IS FURTHER ORDERED THAT:

a. Petitioner was apprehended within the District of Minnesota by federal officers and immediately placed into federal custody. The habeas petition challenges the legality of that seizure and re- detention.

i. This Court finds that its habeas jurisdiction attached at the time of Petitioner's apprehension in this District.

ii. That jurisdiction is not defeated by any subsequent decision by Respondents to transfer Petitioner to another state.

iii. Habeas jurisdiction turns on custody and control, not on the Government's unilateral post-seizure movement of the detainee.

iv. The position that jurisdiction lies exclusively in the district to which Respondents transfer a petitioner would permitthe Government to determine the forum for judicial review through its own logistics. Federal courts may not be divested of jurisdiction in that manner.

b. Respondents are enjoined from removing Petitioner from the District of Minnesota until a final decision is made on the habeas petition.

c. If Petitioner has already been removed from Minnesota, Respondents are ordered to immediately return Petitioner to Minnesota.

d. In the event of an unforeseen circumstance or contingency, and with 72 hours' notice, Respondents may apply to the Court for permission to move Petitioner.

Date: 3/3/2026

KATE M. FOGARTY, CLERK